IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WESLEY WADDLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-0481-CV-W-SRB |
| ) | |
| CALIBRATED PRODUCTS, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. #8). For the reasons stated below, the motion is granted. The case is remanded to the Circuit Court of Johnson County, Missouri.

### I. BACKGROUND

Plaintiff Wesley Waddle alleges he was seriously injured during the course and scope of his employment after he fell from the elevated platform of an Altec Model D945 digger. Plaintiff alleges Defendant Altec Industries, Inc. manufactured and designed the digger. Plaintiff alleges Defendants Calibrated Products, Inc. and KCR International Trucks, Inc. d/b/a Summit Truck Group serviced the digger. Plaintiff alleges the digger "is dangerous, in violation of applicable safety rules and regulations, and ultra-hazardous in that it does not prevent or guard against falling from the elevated platform or the truck bed and also does not include fall protection or guards." (Doc. #1-4, ¶ 18). Plaintiff filed a four-count petition for damages (hereinafter, the "complaint") in Missouri state court, alleging strict liability and breach of warranties against Altec Industries and negligence against all Defendants. Relevant to the instant motion to remand, Plaintiff alleges Calibrated Products "owed a duty of reasonable care to

Plaintiff to service, modify, and maintain the product in a reasonably safe and prudent manner to avoid causing the injuries to Plaintiff." (Doc. #4-1, ¶ 49). Plaintiff alleges Calibrated Products "negligently serviced, modified, and maintained the product and/or components of its product and failed to warn of the dangers associated with the Digger." (Doc. #4-1, ¶ 50).

With the consent of Calibrated Products and KCR International Trucks, Altec Industries subsequently removed the case to this Court on the basis of diversity of citizenship, arguing Calibrated Products was fraudulently joined and that its citizenship should be disregarded for purposes of assessing diversity.[1] The parties do not dispute that Calibrated Products' presence destroys complete diversity. Plaintiff filed the instant motion to remand, arguing Defendant Calibrated Products "is not fraudulently joined and diversity of citizenship does not exist, the notice of removal is untimely, and a pending Motion for Leave to Amend and Add Parties will further destroy diversity jurisdiction." (Doc. #9, p. 1).[2]

## II.  LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). A plaintiff may challenge that removal by filing a motion to remand. *See* 28 U.S.C. § 1447(c). The removing party bears the burden of establishing subject matter jurisdiction. *See In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Under 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of

---

[1] The parties agree that Plaintiff is a Missouri resident, Altec Industries is an Alabama corporation with its principal place of business in Alabama, Calibrated Products is a Missouri corporation with its principal place of business in Missouri, and KCR International Trucks is a Delaware corporation with its principal place of business in Tennessee.

[2] Because the Court finds it is without subject matter jurisdiction over Plaintiff's claims and remand is proper, the Court will not address the timeliness argument or reach the pending Motion for Leave to Amend and Add Parties.

different states[.]" Section 1332(a)(1) requires complete diversity, which means "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). "[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

"The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims." *Murphy v. Aurora Loan Svcs., LLC*, 699 F.3d 1027, 1031 (8th Cir. 2012). The Eighth Circuit has articulated the below fraudulent joinder standard:

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977). However, if there is a "colorable" cause of action—that is, if the state law *might* impose liability on the resident defendant under the facts alleged—then there is no fraudulent joinder. *See Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891, 903 (N.D. Iowa 2000). As we recently stated in [*Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)], ". . . joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." . . . Conversely, if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent.

*Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003) (emphasis in original) (footnote omitted); *see also Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011) (citing *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010)) ("By requiring the defendant to prove that the plaintiff's claim against the non-diverse defendant has no reasonable basis in law or fact,

3

we require the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion.").

**III. DISCUSSION**

Altec Industries invites the Court to "pierce the pleadings" and look to an affidavit of Calibrated Products' Vice President of Operations attached to its notice of removal to determine whether Calibrated Products is fraudulently joined in this action.  Altec Industries argues the affidavit indicates there is no reasonable basis in law or fact to support a negligence claim against Calibrated Products because Calibrated Products "has not directly serviced" the digger, has never seen the digger, and "has not dealt with the aspects of the [d]igger complained of by Plaintiff."  (Doc. #15, pp. 6–7).  Plaintiff argues remand is proper because he sufficiently alleged a claim of negligence against Defendant Calibrated Products in that it "performed service and maintenance on the digger and, in doing so, [was] negligent in failing to warn with respect to the dangerous digger and/or correct the dangerous conditions alleged to exist on the digger."  (Doc. #9, ¶ 8).  Plaintiff attached to his motion service and maintenance records for the digger. Plaintiff argues that Altec Industries' removal of the case is an "attempt to circumvent discovery and argue the merits of the case against Calibrated Products[.]"  (Doc. #9, p. 4).

"[N]either the Eighth Circuit nor the Supreme Court has instructed courts to consider material beyond the state court petition to evaluate fraudulent joinder."  *Petrovic v. BP Corp. N. Am. Inc.*, No. 4:18-00799-CV-RK, 2019 WL 630299, at *3 (W.D. Mo. Feb. 14, 2019) (citation and quotation marks omitted).  Nevertheless, "several district courts in this circuit have noted that the court may 'pierce the pleadings' in a case such as this only [to] consider whether [materials outside the pleadings] establish facts supporting the claims, not whether [the] materials resolve the merits of the plaintiff's claims."  *Sprint Spectrum L.P. v. AT&T Commc'ns,*

*Inc.*, No. 00-0973-CV-W-5, 2001 WL 36143293, at *2 (W.D. Mo. Feb. 8, 2001) (citation and quotation marks omitted). Judging by the face of the complaint, Plaintiff clearly sets forth "a 'colorable' cause of action" for negligence against Calibrated Products. *Filla*, 336 F.3d at 809 (citation omitted). Considering the materials attached as exhibits to the parties' briefing does not change the outcome. The maintenance records and affidavit do not paint a complete picture or establish with certainty that "there is no reasonable basis for the imposition of liability [on Calibrated Products] under state law." *Murphy*, 699 F.3d at 1031. At minimum, the exhibits indicate that Calibrated Products has serviced components of the digger in question and fail to illuminate the extent of and details surrounding such service.

Further, under Missouri law, "whether a duty exists in a given situation depends upon whether a risk was foreseeable." *Lopez v. Three Rivers Elec. Co-op., Inc.*, 26 S.W.3d 151, 156 (Mo. 2000) (citation omitted). Discovery will aid in determining whether Calibrated Products owed Plaintiff a duty of care or had a duty to warn or correct a danger based on a foreseeable risk that arose out of its undertaking to service components of the allegedly dangerous digger and if other factors or circumstances exist to support the imposition of such a duty on Calibrated Products. In sum, at this stage, the Court is unable to find that Calibrated Products was fraudulently joined in this action. Consequently, this Court lacks subject matter jurisdiction over Plaintiff's claims, and remand is proper.

## IV.    CONCLUSION

Accordingly, Plaintiff's Motion to Remand (Doc. #8) is GRANTED. The case is hereby remanded to the Circuit Court of Johnson County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Johnson County, Missouri, as required by 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: August 12, 2020